# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

TERRY LEE GREGORY                PLAINTIFF

v.            CIVIL ACTION NO. 4:19-CV-P67-JHM

FRED COOMES                  DEFENDANT

## MEMORANDUM OPINION AND ORDER

  This is a *pro se* prisoner civil-rights action brought pursuant to 42 U.S.C. § 1983. On July 8, 2019, the Court entered a Memorandum Opinion and Order in which it conducted an initial screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A (DN 6). The Court construed the complaint as asserting claims against Defendant McLean County Sheriff Fred Coomes for unconstitutional search and seizure, excessive force, and unlawful arrest, based on an incident that occurred on May 7, 2019. In that Memorandum Opinion and Order, the Court dismissed Plaintiff's official-capacity claims against Defendant Coomes and his claims for injunctive relief for failure to state a claim upon which relief may be granted. The Court then stated that before it could review Plaintiff's individual-capacity claims against Defendant Coomes pursuant to § 1915A, it needed more information regarding the status of the criminal charges against him.

  On July 24, 2019, Plaintiff initiated a separate § 1983 action which contained additional allegations concerning the night of May 7, 2019. *See Gregory v. Coomes*, No. 4:19-cv-P89-JHM. On August 8, 2019, the Court entered an Order consolidating that action with the instant action, and the complaint from that action was docketed as an amended complaint in this action (DN 10). The Court will now conduct a screening of the amended complaint pursuant to 28

U.S.C. § 1915A. For the reasons set forth below, the new claims set forth in the amended complaint will be dismissed.

## I. SUMMARY OF AMENDED COMPLAINT

In his amended complaint (DN 10), Plaintiff indicates that he is suing Defendant Coomes in both is his official and individual capacities as well as the McLean County Sheriff's Office (MCSO).

Plaintiff first alleges that following his arrest on May 7, 2019, he was left in the MCSO "transport" van with other individuals "with all doors closed, all windows rolled up, the fan turned to highest setting and the heat turned to full blast for a period of an hour -/+ 15 minutes as the van was left running." He continues: "It was a very hot and humid night. We were all suffering very badly, sweating profusely, and I almost fainted from heat exhaustion because of this."

Plaintiff next alleges that he was a victim of sexual assault on this same night when he witnessed Defendant Coomes "put his bare hand in side of Natasha Sallee's shirt and bra feeling her bare breast as she protested."

As relief, Plaintiff seeks compensatory and punitive damages as well injunctive relief.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.

1997), *overruled on other grounds by Jones v. Bock*, 544 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S.

635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a § 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Heated Van Incident[1]

The Court first turns to Plaintiff's claim against the MCSO. In the instant case, Plaintiff alleges that he was left in a fully-heated MCSO "transport" van for approximately one hour on a hot May night. The MCSO is not a "person" subject to suit under § 1983 because municipal departments, such as police departments, are not suable under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); s*ee also Marbry v. Corr. Med. Serv*., No. 99-6706, 2000 U.S. App. LEXIS 28072, at *5 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, it is McLean County that is the proper defendant. *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional

---

[1] In the original complaint, Plaintiff similarly alleged that he was left in a heated van by Defendant Coomes for over an hour. Based in part upon this allegation, the Court construed the complaint as asserting a Fourth Amendment excessive-force claim against Defendant Coomes. As stated above, in its screening of the complaint, the Court dismissed any official-capacity claims against Defendant Coomes but indicated that it needed more information regarding the status of the criminal charges against Plaintiff before it could address the individual-capacity claims. The Court will not address these claims again in the instant Memorandum Opinion and Order.

deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff does not allege that he was left in the heated van as the result of a custom or policy implemented or endorsed by McLean County. As such, the Court will dismiss Plaintiff's claim against the MCSO for failure to state a claim upon which relief may be granted.

### B. "Sexual Assault" Incident

The Court next turns to Plaintiff's claim that he was a victim of sexual assault when he witnessed Defendant Coomes put his hand on Ms. Sallee's breast. The Court can discern no violation of a right secured by the federal constitution or the laws of the United States as to Plaintiff based upon this allegation.

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's claims against Defendant MCSO and any new 42 U.S.C. § 1983 claim(s) against Defendant Coomes set forth in the amended complaint (DN 10) are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Based upon the above, the **Clerk of Court** is **DIRECTED to terminate the McLean County Sheriff's Office (MCSO) as a party to this action.**

Date: August 15, 2019

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
McLean County Attorney
4414.011